FRANK J. DORGER v. J. O. WOODWARD, ADMR, ET AL.

1. LIABILITY OF COADMINISTRATORS FOR DEBT DUE ESTATE BY ONE OF THEM.

That where one of two administrators is indebted to the decedent's estate at the times of their appointment and the giving of a joint bond with surety, the amount of such indebtedness will be treated as assets coming into their joint possession, for which both are liable as principals as between themselves and the surety. The giving of separate bonds thereafter will not, in any way, change the liability which accrued while the joint bond was in force.

2. DEBT DUE BY HEIR, WHO IS ADMINISTRATOR, TO ESTATE SHOULD BE TREATED AS CREDIT ON AMOUNT DUE HIM.

An heir who is indebted to an estate of which he is also administrator, need not pay into court, on his settlement as administrator, money which would be immediately returnable to him as heir on distribution. The amount due as heir should be treated as a credit on the amount due as administrator.

ERROR.

**J. C. Healy,** for plaintiff in error.

**Horstman & Horstman,** for defendant in error:

Debt or advancement. *Christy's Appeal,* 1 Grant Cas. (Pa.) 369; *Miller's Appeal,* 31 Pa. St. 337; *Grey* v. *Grey,* 22 Ala. 233; *Crosby* v. *Covington,* 24 Miss. 619; Bingham, Descents 348, 404, 414; 1 Am. &

Eng. Enc. Law (2 ed.) 763, 775, 778, 779; *Goar* v. *Maranda,* 57 Ind. 339; *Speer* v. *Speer,* 14 N. J. Eq. 240; *Harris' Appeal,* 2 Grant Cas. (Pa.) 304; *Jones' Estate,* 29 Pitts. L. J. (Pa.) 89; *Morr's Appeal,* 80 Pa. St. 427; *Middleton, Ex parte,* 42 S. C. 178 [20 S. E. Rep. 34]; *Overholser* v. *Wright,* 17 Ohio St. 157; *Robinson* v. *Moseley,* 93 Ala. 70 [9 So. Rep. 372]; *Denman* v. *McMahin,* 37 Ind. 241; *Strock, In re,* 158 Pa. St. 355 [27 Atl. Rep. 1003]; *Seagrist's Appeal,* 10 Pa. St. 424; *Vaden* v. *Hance,* 38 Tenn. (1 Head) 300; *Roland* v. *Schrack,* 29 Pa. St. 125; *Yundt's Appeal,* 13 Pa. St. 575 [53 Am. Dec. 496]; *Levering* v. *Rittenhouse,* 4 Whart. (Pa.) 130; *Medill* v. *Fitzgerald,* 8 Circ. Dec. 129 (15 R. 415); *Homiller's Estate,* 17 W. N. C. (Pa.) 238, 239; 2 Woerner, Administration Sec. 555; *Harley* v. *Harley,* 57 Md. 340; *Miller's Appeal,* 107 Pa. St. 221; *Merkel's Appeal,* 89 Pa. St. 340; Thornton, Gifts & Advancements Secs. 527, 546 and 563.

A child's note to its parent raises a presumption of debt. This presumption may be repelled. It is still a debt though the parent never intended to collect it unless he needed the money during lifetime.

Joint liability of coadministrator. *Bigelow* v. *Bigelow,* 4 Ohio 138 [19 Am. Dec. 591]; *Miller* v. *Donaldson,* 17 Ohio 264; *Tracy* v. *Card,* 2 Ohio St. 431; *Raahs, In re,* 16 Ohio St. 273; *Mitchell* v. *Towner,* 1 Dec. Re. 352 (7 W. L. J. 581); *Perkins* v. *Scott,* 6 Circ. Dec. 226 (9 R. 207); *McGaughey* v. *Jacoby,* 54 Ohio St. 487 [44 N. E. Rep. 231]; *Eckert* v. *Myers,* 45 Ohio St. 525 [15 N. E. Rep. 862]; *Seymour* v. *Stone,* 2 Re. 648 (4 W. L. M. 323); *Slagel* v. *Entrekin,* 44 Ohio St. 637 [10 N. E. Rep. 675]; *Foster* v. *Wise,* 46 Ohio St. 20 [16 N. E. Rep. 687; 15 Am. St. Rep. 542].

The giving of separate bonds afterwards could not divest the joint liability. *Ames* v. *Armstrong,* 106 Mass. 15; *Brazer* v. *Clark,* 22 Mass. (5 Pick.) 96; *Newcomb* v. *Williams,* 50 Mass. (9 Metc.) 525; *Towne* v. *Ammidown,* 37 Mass. (20 Pick.) 535; *Boyd* v. *Boyd,* 1 Watts 365; *Sparhawk* v. *Buell,* 9 Vt. 41.

**SWING, J.**

H. J. Cordesman and Frank J. Dorger were appointed administrators of the estate of Maria F. Cordesman, and gave a joint bond with the American Bonding & Trust Company as surety. At the time of the appointment H. J. Cordesman was indebted to the estate in the sum of $2,000, evidenced by a note to M. F. Cordesman. It is claimed in this action that at the time of the giving of the bond said Cordesman was insolvent and has remained so up to the present time. Under the law as announced in the first proposition of the syllabus in the case

Dorger v. Woodward.

of *McGaughey* v. *Jacoby*, 54 Ohio St. 487 [44 N. E. Rep. 231], the amount owing by said Cordesman became assets in the hands of the administrator for which the surety on his bond is liable.

There being no question but what the amount due by said Cordesman is assets, in his hands and for which the surety on the bond is liable, the question here is whether in the first instance the joint administrator, Dorger, or the surety company is liable. Dorger had knowledge of this indebtedness at the time of the appointment and had the note in his possession.

An inventory was returned by said administrators to the probate court in which said note was mentioned but was not returned as assets in their hands.

Under these facts we think this asset must be considered as having come into their joint possession, and under the case of *Eckert* v. *Myers*, 45 Ohio St. 525 [15 N. E. Rep. 862], as between themselves and the surety are principals.

Some time afterwards said administrators gave separate bonds, but this in no way changed the liability of the parties which accrued while the first bond was in force. Besides it seems to us that the bonds given separately were not substitutes for the first bond, but additional bonds.

Judgment was rendered in this case in the court of common pleas for the full amount due on this obligation. As H. J. Cordesman was an heir of Maria F. Cordesman, and there being no debts of the estate and as such heir he would be entitled to a certain portion on distribution, it would seem unnecessary to pay into court the amount which would be immediately payable to him as heir on distribution. The amount due him as heir should be a credit on the amount due from him as administrator.

The judgment should be modified to this extent.

**Giffen** and **Jelke, JJ.,** concur.